

DA 07-0352

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 259N

RICHARD ERNST and NANCY ERNST,

      Plaintiffs and Appellees,

  v.

WARREN WINN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 06-153
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Warren Winn, (Pro Se); Libby, Montana

      For Appellees:

      L. Charles Evans, Attorney at Law; Libby, Montana

Submitted on Briefs:  June 25, 2008

Decided:  July 22, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Warren Winn appeals an order of the Nineteenth Judicial District Court, Lincoln County, denying his motion to compel discovery, denying his motion for sanctions, and granting Richard and Nancy Ernst's motion for a protective order. We affirm.

¶3 In 2004, the Ernsts began construction of a new home in Libby, Montana, and in February and March 2005 met with Winn, a heating, venting, and air conditioning (HVAC) contractor, to discuss installation of an HVAC system in the Ernsts' home. The Ernsts explained to Winn that they had budgeted $16,000 for that system. Winn told the Ernsts that he could do the job for $18,000, but that they would be eligible for two $1,000 rebates, bringing the cost of their system within their budget. The parties thereafter orally agreed that Winn would install the Ernsts' HVAC system for $18,000.

¶4 On multiple occasions after this agreement was reached, the Ernsts requested a formal, written bid and proof of insurance from Winn. Winn never provided a written bid or proof of insurance, but commenced work in April of 2005. None of the invoices

2

submitted by Winn during the course of his work contained a list of the hours he had worked or the cost of his materials. Nonetheless, upon completion of the work in January of 2006, Winn presented a bill totaling $21,000. Despite the bill being $3,000 over the agreed price, the Ernsts paid Winn this amount for his work.

¶5 About six months later, on July 19, 2006, Winn filed a construction lien against the Ernsts' home, claiming they owed him an additional $5,340. The Ernsts filed a complaint seeking release of the lien for Winn's failure to comply with statutory requirements, and Winn released the lien. However, Winn then filed a counterclaim alleging the Ernsts still owed him $5,340. According to Winn, there was no bid or contract in which he agreed to install the HVAC system for $18,000. A bench trial was set for May 2, 2007.

¶6 Two months before trial, Winn filed a Motion to Compel Discovery, claiming the Ernsts failed to comply with three discovery requests. One request asked for a copy of a handwritten bid the Ernsts alleged was supplied to them by Winn, and another sought a copy of a cancelled check. The Ernsts responded to those requests and indicated the requested documents were attached to their responses. As it turned out, the documents had not been attached. Winn thus filed a motion to compel and characterized the Ernsts' oversight as "a lie." The Ernsts provided the documents to Winn five days later.

¶7 Winn's third request, which was also the subject of the Ernsts' protective order, sought "all documents, including loan documents, budget documents, and construction

3

payments paid all other construction contractors or subcontractors associated with the construction loan of the [Ernsts'] residence . . . ." The Ernsts responded that the request was unduly burdensome and sought production of irrelevant documents, requesting the protective order.

¶8     After filing his motion to compel and receiving the first two requested documents, Winn moved for sanctions in the form of a default judgment as a result of the Ernsts' "refusal to supply the requested documents in the original requests for production." He also asserted that because the Ernsts had failed to file a separate brief in opposition to his motions, the motions should be deemed as well taken and granted. However, the Ernsts' motion for a protective order included an argument opposing Winn's motions.

¶9     The District Court observed, and we agree, that the Ernsts' failure to provide the handwritten bid and cancelled check was clearly a mistake that could have been remedied by a phone call to the Ernsts' counsel, not by a motion to compel. The District Court denied Winn's motion to compel all other documents associated with construction of the Ernsts' home and granted their motion for a protective order, noting that the request was "far too broad" and "seems more calculated to punish the Ernsts for defending themselves against Winn's counterclaim than to assist Winn in obtaining information that might legitimately assist him in prosecuting his claim."

¶10     After a bench trial, the District Court found that the parties had an enforceable agreement that Winn would install the HVAC system for $18,000, and that there was no

4

basis for Winn to claim he was owed $5,340 more than the $21,000 he was already paid by the Ernsts. Winn appeals only the District Court's denial of his motion to compel and motion for sanctions and its granting of the Ernsts' motion for a protective order.

¶11 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶12 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART